UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC W. WHITE,

    Plaintiff,

v.

Case No. 13-13896
Hon. Lawrence P. Zatkoff

PAINT TECH INTERNATIONAL &
QUALITY CONTAINMENT SOLUTION,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October , 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted his *pro se* complaint [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on September 12, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and his *pro se* complaint is DISMISSED.

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of

"such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* [dkt 2].

**B. Review of Plaintiff's Complaint**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff has filed his second *pro se* complaint against Defendant Paint Tech International & Quality Containment Solution ("Paint Tech"), Plaintiff's former employer. As was the case with his first complaint, Plaintiff's second complaint continuously names Zafar Iqbal, Raymond Ceilinski, Jeff Brosier, and Autumn Ingram as the defendants against which this lawsuit is filed. These individuals were at all relevant times employees of Paint Tech.

Construing Plaintiff's *pro se* pleadings in a favorable light, the Court will consider both Paint Tech and the previously-mentioned individuals as Defendants.

Plaintiff's complaint is premised on Defendants' "intentional acts of harassment, humiliation, intimidation, retaliation and conspiracy to use a known false claim of sexual harassment," all of which forced Plaintiff to resign from Paint Tech. Based on this, Plaintiff's first count asserts that Defendants violated Michigan's Whistleblowers' Protection Act. Counts II-IV are brought pursuant to 42 U.S.C. § 1983, and assert the following: (1) violation of the 8th Amendment's prohibition against cruel and unusual punishment; (2) violation of Plaintiff's 1st Amendment right of free speech; and (3) violation of Plaintiff's 14th and 5th Amendment right to due process. Finally, Plaintiff advances a state-law defamation claim against Defendant Autumn Ingram.

After reviewing Plaintiff's *pro se* complaint, the Court determines that it is barred by *res judicata* from considering Counts II-IV of Plaintiff's complaint. While a dismissal under § 1915(e) is not a dismissal on the merits, a Court's previous determination and dismissal on frivolousness has a *res judicata* effect for future *in forma pauperis* petitions. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Plaintiff's current complaint raises the same actions under § 1983 that the Court dismissed as frivolous less than two months ago. *See White v. Paint Tech International & Quality Containment Solution*, No. 13-13157 (E.D. Mich. Aug. 28, 2013). As such, Counts II-IV of Plaintiff's complaint are barred by *res judicata*.

Were the Court to nonetheless consider these arguments, Plaintiff's complaint still fails to state a claim upon which relief may be granted. It is well recognized that the Constitution protects citizens from infringement of their rights by the government, but not by private parties. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Consequently, to establish liability under

§ 1983, the plaintiff must prove that the deprivation of rights was caused by a person acting under color of state law. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Here, Plaintiff fails to allege that any of the Defendants are state actors or that any exceptions to the state action requirement apply. As such, Counts II-IV of Plaintiff's complaint fail to state a claim upon which relief may be granted.

Finally, without Plaintiff's § 1983 claims, no other basis for federal jurisdiction exists. Without an issue of federal law before the Court, a claim for relief under state law may only properly be heard in federal court if diversity jurisdiction exists. Diversity jurisdiction exists if the matter in controversy is between citizens or corporations from different states and the amount in controversy exceeds $75,000.00. *See Evertt v. Verizon Wireless, Inc.*, 460 F.3d 818, 821–822 (6th Cir. 2006). Plaintiff lives in Detroit, Michigan, and asserts Defendant Paint Tech is also located in Detroit. As such, diversity of citizenship does not exist.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

Date: October 18, 2013            s/Lawrence P. Zatkoff
                                  Hon. Lawrence P. Zatkoff
                                  U.S. District Court